Filed 1/30/26  P. v. Ramos CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHARLES GILBERT RAMOS, JR., Defendant and Appellant. | D085981 (Super. Ct. No. FSB22002510) |

APPEAL from a judgment of the Superior Court of San Bernardino County, J. David Mazurek, Judge.  Affirmed.

Alexander Amar Kannan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

MEMORANDUM OPINION

Charles Gilbert Ramos, Jr. appeals from a judgment sentencing him following the revocation of probation.  His appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We notified Ramos of his right to file a supplemental brief, and he has not done so.  Based on our independent

review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

In a felony complaint filed August 17, 2022, the People charged Ramos with one count of felony hit and run driving resulting in injury to another person (Veh. Code, § 20001, subd. (b)(1)).  On June 26, 2023, Ramos pled no contest to that count in exchange for being placed on probation for two years.  One condition of probation was that Ramos could not use or possess controlled substances without a prescription from a medical professional.

On April 1, 2024, Ramos was arrested for petty theft.  (Pen. Code, § 484.)  In July 2024, he failed to report in person to the Probation Department as required.  On September 5, 2024, Ramos was arrested after San Bernardino police discovered controlled substances, a large amount of cash, and a scale while searching his car during a traffic stop.  He was arrested for possession for sale of a controlled substance.  (Health & Saf. Code, § 11378.)  Based on these incidents, the People filed a petition for revocation of probation on September 10, 2024.  The petition included Ramos's extensive criminal history beginning in 2006.

Ramos proceeded to jury trial on the possession for sale charge.  He testified about the September 5, 2024 incident, stating:  he was addicted to Hydrocodone at that time; he was in possession of 10 Hydrocodone pills; and he bought those pills off the street for personal use.  The jury found him not guilty of possession for sale of controlled substances.

The trial court then held a hearing on the petition for revocation of probation.  Based on Ramos's admissions at trial, the trial court found Ramos's possession of a controlled substance established a probation violation.  The trial court sentenced Ramos to the upper term of three years for the hit and run resulting in injury due to his "lengthy criminal history

2

dating back to 2006" involving "many" convictions and "the conduct that he was engaged in with respect to the probation violation."

Ramos's appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Counsel identifies the following issues to assist the court in its review: (1) whether the trial court abused its discretion by finding Ramos violated probation, and (2) whether the trial court abused its discretion by sentencing Ramos to the upper term for hit and run driving resulting in injury.

We have reviewed the entire record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ramos on this appeal.

DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:

DATO, Acting P. J.

RUBIN, J.

3